UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLA ISABEL LATELLA,<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER,<br>Respondent. | No. 1:26-cv-09225-DAD-CKD (HC)<br><br>ORDER DENYING PETITION FOR WRIT OF *HABEAS CORPUS* AND DENYING PETITIONER'S PENDING MOTIONS AS MOOT<br><br>(Doc. Nos. 1, 2, 3, 4) |

On November 9, 2026, petitioner filed a *pro se* combined petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 challenging her detention by United States Immigration and Customs Enforcement ("ICE") and motion for temporary restraining order seeking her immediate release from custody. (Doc. No. 1.) On the same day, petitioner also filed a motion to proceed *in forma pauperis* (Doc. No. 2) and motion to appoint counsel (Doc. No. 3). On November 12, 2026, the court set a briefing schedule as to petitioner's motion for a temporary restraining order and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 6.) Respondent was further directed to state any opposition that it had to the court's stated intention to rule on the underlying petition based on the current briefing before it as

/////

well as to provide substantive reasons in support of its position in this regard in its opposition. (*Id.*)

On November 16, 2026, respondent filed an opposition to the petition arguing that petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1226(c)(1)(B), which mandates detention during removal proceedings, based on her past criminal history. (Doc. No. 8 at 2–4.) In the alternative, respondent argues that the petition should be denied because petitioner has not yet requested an individualized bond determination before the immigration court or prudentially exhausted her administrative remedies. (*Id.* at 2–4.)

Section 1226(c)(1)(B), Title 8 U.S.C., requires the mandatory detention of noncitizens who are removable "by reason of having committed any offense covered" relating to two (2) crimes of moral turpitude, controlled substance violations, firearms, and other miscellaneous nationality security and federal offenses. *Avilez v. Garland*, 69 F.4th 525, 530, 537 (9th Cir. 2023). Here, respondent has presented evidence showing that petitioner was found guilty of several qualifying controlled substance violations in the state of Florida. (Doc. Nos. 8-1 at 3–6; 8-2 at 5–6, 17–18; 8-3 at 1–3; 1 at 33 ¶¶ 13–14.) Specifically, aside from her conviction for possession of drug paraphernalia, the evidence reflect that petitioner has been convicted of possession of amphetamines and possession of a schedule II-controlled substance. (Doc. No. 8-3 at 1–2). Petitioner has not presented any argument or evidence disputing these criminal convictions and has, instead, confirmed she has a criminal record as alleged by respondent. (Doc. No. 1 at 33 ¶¶ 13–14.)

Based upon the record currently before the court, considering petitioner's criminal record which includes convictions for possession of amphetamines and possession of a schedule II controlled substance, and because these offenses are included in the Controlled Substances Act, 21 U.S.C. § 802, the court finds that petitioner is subject to mandatory detention under § 1226(c)(1)(B). *See e.g., Diyani v. Andrews,* No. 1:26-cv-04586-JLT-CDB (HC), 2026 WL 1893575, *2 (E.D. Cal. Jun. 30, 2026) (denying habeas petition and temporary restraining order finding that § 1226(c)(1)(B) applied to a controlled substance conviction involving cocaine); *Aguilar Bernal v. Warden of the Golden State Annex,* No. 1:26-cv-04708-NW (HC), 2026 WL

2969594, *2 (E.D. Cal. Oct. 2, 2026) (finding that § 1226(c)(1)(B) applied to an aggravated felony conviction). While the court observes that petitioner was not provided advance notice of her detention by immigration authorities or even a notice of custody determination (Form I-286), the court is not aware of any authority, and petitioner cites none, that would require the government to provide a noncitizen with notice and a hearing prior to invoking the mandatory detention provisions at § 1226(c). Rather, the statute is clear that the noncitizen must immediately be taken into custody. *Medina Soto v. Robbins,* No. 1:25-cv-01954-KES-SKO (HC), 2026 WL 657702, at *3 (E.D. Cal Mar. 9, 2026); *Jennings v. Rodriguez,* 583 U.S. 281, 303-06 (2018) (holding that § 1226(c) mandates "detention of any noncitizen falling within its scope and that detention may end prior to the conclusion of removal proceedings 'only if' the noncitizen is released for witness-protection purposes.")

Although petitioner argues that her detention violates procedural and substantive due process, the Ninth Circuit has recognized that mandatory detention under § 1226(c)(1)(B) is authorized during the course of removal proceedings. *Avilez v. Garland*, 69 F.4th at 530, 537; *see also Prieto-Romero v. Clark,* 534 F.3d 1053, 1057 (9th Cir. 2008). Additionally, while petitioner argues that her detention has become unreasonable prolonged, the evidence shows she was detained on June 1, 2026. Thus, petitioner has been detained for less than six (6) months, and the court finds the petitioner's arguments that her detention is prolonged to be unpersuasive. *See e.g.*, *Zadvydas v. Davis*, 533 U.S. 678, 683 (2001) (noting that "six months is a presumptively reasonable period" of detention to secure removal).

Finally, the court finds that petitioner has not yet exhausted her administrative remedies with regard to respondent's determination that she is subject to mandatory detention pursuant to 8 U.S.C. § 1226(c) because she has not yet requested a bond redetermination hearing before an immigration judge or availed herself of such procedures to determine her custody. *See e.g., Matter of Joseph,* 22 I. & N. Dec. 799 (B.I.A. 1999). The court finds analogous and persuasive, and incorporates herein, its prior analysis in *Buckley v. Chestnut,* No. 1:26-cv-02624-DAD-JDP, 2026 WL 1030931, at *2–4 (E.D. Cal. Apr. 16, 2026), where the court declined to waive the prudential exhaustion requirements because petitioner's appeal of his bond hearing remained

pending. *See also Mariano v. Marin*, No. 5:26-cv-01411-JLS-DFM (HC), 2026 WL 928630, at *2 (C.D. Cal. Apr. 2, 2026) (finding that petitioner had failed to exhaust administrative remedies by failing to request a bond hearing). Here, any outstanding factual issues can best be resolved before an immigration judge during custody redetermination procedures already available to petitioner. 8 C.F.R. § 1003.19(b). Additionally, petitioner has not demonstrated that the bond appellate process is somehow inadequate, futile, or that irreparable injury would result here so as to waive the prudential exhaustion requirement. *Leonardo v. Crawford,* 646 F.3d 1157, 1160–61 (9th Cir. 2011); *Puga v. Chertoff,*488 F.3d 812, 815–16 (9th Cir. 2007); *Laing v. Ashcroft,* 370 F.3d 994, 1000–01 (9th Cir. 2004).

As to petitioner's motion for a temporary restraining order, petitioner has not carried her burden of establishing that she is likely to succeed on the merits of her claims, the court need not consider the other *Winter* factors. *California v. Azar*, 911 F.3d 558, 575 (9th Cir. 2018) ("Likelihood of success on the merits is 'the most important' factor; if a movant fails to meet this 'threshold inquiry,' we need not consider the other factors.") (quoting *Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017)). Therefore, the Court will deny petitioner's motion for temporary restraining order.

Petitioner has also asked this court to appoint counsel in her habeas action. Title 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any state of the case if "the interests of justice so require." However, as explained above, petitioner's controlled substance convictions subject her to mandatory detention under § 1226(c). Thus, the interests of justice do not require the appointment of counsel.

For the reasons above,

1. Petitioner's petition for writ of *habeas corpus* (Doc. No. 1) and motion for temporary restraining order (Doc. No. 3) are DENIED as follows:
    a. Petitioner's petition for writ of *habeas corpus* is DENIED without prejudice to its refiling following the exhaustion of any administrative remedies;

/////

b. Petitioner's motion for temporary restraining order is DENIED as having been rendered moot by this order;

2. Petitioner's motion to proceed *in forma pauperis* (Doc. No. 2) is DENIED;

3. Petitioner's motion to appoint counsel (Doc. No. 4) is DENIED; and

4. The Clerk of the Court is directed to ENTER judgment in favor of respondent and to close this case.

IT IS SO ORDERED.

Dated: **November 20, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE